IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. _____

WILMAR PEREZ, RUBY
ORANTES and DANIEL FUENTES,

                Plaintiffs,

vs.

DENCO CONSTRUCTION LLC.
and BRUCE RAHMANI, individually,

                Defendants.

---

## COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES

---

Plaintiffs Wilmar Perez ("Perez"), Ruby Orantes ("Orantes") and Daniel Fuentes ("Fuentes") (collectively "Plaintiffs"), by and through undersigned counsel, files this Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

## I.      PRELIMINARY STATEMENT

1.    Plaintiffs and those similarly situated are currently or were formerly employed by Defendants as construction workers.

2.    Defendants have violated Federal and Colorado state law.

3.    Defendants failed to pay Plaintiffs and the FLSA Collective time and one-half when they worked more than 40 hours a week.

4.    Accordingly, Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., because that Act requires employers to pay their employees one and one-half times each employee's regular rate of pay for each hour worked beyond 40 each workweek.

5.    By failing to pay overtime at time and one-half, Defendants violated the Colorado

Minimum Wage Act ("CMWA").

6.       With respect to Perez, Defendants also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101, et seq., which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship and imposes penalties on employers who do not tender *all* wages *due* upon receipt of a written demand for such wages.

7.       Plaintiffs seek on their own behalf and on behalf of all other similarly situated, actual and liquidated damages, penalties, pre-and post-judgment interest, and attorney fees and costs regulating from Defendants' willful violations of state and federal wage law.

## II.       JURISDICTION AND VENUE

8.       Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

9.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, et seq. because this civil action arises under the laws of the United States.

10.      Defendants employed the named Plaintiffs and others similarly situated in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

11.      Defendants operated a unified "enterprise" for a common business purpose as defined by 29 U.S.C. § 203(r)(1).

12.      Defendants operated an enterprise whose aggregated, annual gross volume of sales made or business done was not less than $500,000 29 U.S.C. § 203(s)(10)(A)(ii).

13.      This Court has supplemental jurisdiction over the Colorado state law claims under the principles of pendent and ancillary jurisdiction.

14.      Venue is proper in this district under 28 U.S.C. § 1391(b). The events giving rise to

Plaintiffs' claims occurred within the jurisdiction of the United States District Court for the District of Colorado.

### III.    PARTIES

15.    Plaintiffs are residents of the State of Colorado.

16.    Plaintiffs were employed by Defendants as construction workers.

17.    Denco is a registered Colorado corporation with a principal street address at 10 E 120th Ave, Northglenn, CO 80233.

18.    Defendant Bruce Rahmani is the owner of Denco.

19.    Defendant Bruce Rahmani, at all material times, exercised operational control and financial control over Denco, and exercised control over Plaintiffs' employees' terms and conditions of employment.

20.    Plaintiffs signed FLSA Consent to Sue Forms are annexed as Exhibit 1.

### IV.    GENERAL ALLEGATIONS

21.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

22.    Defendants intentionally failed to pay Plaintiffs and the FLSA Collective through an elaborate time keeping and payment scheme.

23.    Defendants would require Plaintiffs and the FLSA Collective to use two separate clock in and clock out time cards.

24.    Defendants would then pay the first 40 hours with withholdings from Denco or in rare instances another company under Denco's control and the remaining overtime hours with personal checks or checks from other companies.

25.    The payments for the work performed after 40 hours did not include withholdings.

26.    In 2021, Plaintiff Perez and the FLSA Collective would receive two separate time

cards. They would have one time card for usually the first 40 hours they worked and then a new time card for work after 40 hours.

27.    However, this unlawful system caused issues as there would be instances when Perez and the FLSA Collective worked 40 or more hours on the first-time card. As Defendants wanted to ensure that they did not have to ever pay their employees time and one half, Defendants changed their unlawful scheme.

28.    As a result, beginning in 2022, Defendants would have Plaintiffs and the FLSA Collective clock in and clock out from 7 am to approximately 4pm with the "Denco" time card.

29.    At 4pm, Plaintiffs and the FLSA Collective immediate supervisors would tell Plaintiffs to clock out.

30.    Plaintiffs and the FLSA Collective would then use a new time card for work performed after 4pm.

31.    The second time card was used to record all hours worked after 4pm and weekends.

32.    The second time card had the word "Luis" written on the top right-hand side.

33.    Examples of Plaintiffs and the FLSA Collective being required to clock in and clock out with two separate time cards is annexed as Exhibit 2.

34.    As noted earlier, to further circumvent their responsibility to pay Plaintiffs and the FLSA Collective overtime lawfully, Plaintiffs and the FLSA Collective were paid in two different ways: direct deposit and checks from fictitious companies.

35.    The direct deposit, issued by Denco, covered the first 40 hours worked.

36.    Denco provided Plaintiffs and the FLSA Collective with paystubs corresponding to the first 40 hours worked. Examples of these payments are annexed as Exhibit 3.

37.    The personal check or check from the company working with Denco was issued to named Plaintiffs and the FLSA Collective and covered all hours worked beyond 40.

38.    These checks were paid without withholdings and did not list the hours that they worked. Examples of these payments issued to Plaintiffs and the FLSA Collective are annexed as Exhibit 4.

39.    At the end of the week, Plaintiffs would receive the payment for overtime hours without withholdings at straight time from an employee of Denco.

40.    Denco would also only provide a W-2 for the hours reported in the Denco timecards.

41.    Plaintiffs and the FLSA Collective paid the same hourly rate including work performed after 40 hours.

42.    As a result, Defendants failed to pay Plaintiffs and the FLSA Collective in compliance with both the FLSA and CMWA Minimum Wage ACT.

43.    Defendants circumvented their obligations with respect to overtime by not paying Plaintiffs and the FLSA Collective time and one half for all hours worked past 40 hours.

44.    Defendants employ similarly situated construction workers who likewise work more than 40 hours a week but are paid the same hourly rate for work performed after 40 hours.

45.    Defendant Rahmani monitored, supervised and directed Plaintiffs and the FLSA Collective similarly situated as to their job duties.

46.    Defendant Rahmani had and exercised the power to hire and fire employees and to control his employees' terms and conditions of employment.

47.    Defendant Rahmani controlled the work schedule of Plaintiffs and others similarly situated.

48.    Defendant Rahmani controlled the wage rates his employees would be paid.

49.    Plaintiffs and the FLSA Collective hereby demand payment in an amount equal to all earned but unpaid wages due as well as liquidated damages.

**Wilmar Perez**

50.    From on or about September 20, 2019, until June 12, 2024, Perez worked for Defendants.

51.    Perez worked between six and seven days a week.

52.    Perez usually worked from Mondays through Fridays, from 7:00 a.m. to 8 or 9:00 p.m. and Sundays from 8:00 a.m. to 3:00 p.m.

53.    For example, in 2021, Perez worked at the Delta Marriot hotel.

54.    For this project, Perez was paid $15 an hour.

55.    For this project, Perez worked six days a week.

56.    Perez worked Monday through Saturday from 7 a.m. to 8 p.m. with Sundays off.

57.    After deducting a one-hour lunch break, Perez worked 12 hours per day, amounting to 72 hours per week.

58.    Perez's time card was located at the hotel entrance with Plaintiff's name for Plaintiff (and the Class) to punch in.

59.    Perez was paid with two separate checks:  one for the first 40 hours and the second for the overtime worked.

60.    The first check from Denco (or a company created by Denco) for Perez had withholdings.

61.    From an employee of Denco, the second check for Perez was either a personal check or a check from a company working under Denco and did not have withholdings.

62.     Through the scheme listed above, from on or about January 2021 to on or about July 2022, Perez was paid $15 for all hours worked, including hours worked after 40 hours a week.

63.    Through the scheme listed above, from on or about August 2022 to on or about June 2024, Perez was paid $17 for all hours worked, including hours worked after 40 hours a week.

64.     On or about September 11, 2024, Defendants received a demand letter on behalf of Perez from his attorney.

65.     In response to a demand letter, Defendants issued a check to Perez for a portion—but not all—of his unpaid wages.  Specifically, Defendants, issued a check for $18,000 to Perez.

**Ruby Orantes**

66.     Orantes worked for Defendants from March 2022 through mid-October 2023.

67.     Orantes was assigned to construction work involving framing, installing windows and doors.

68.     Throughout Orantes' employment with Defendants, he usually worked seven days a week.

69.     Orantes was paid $17 an hour for all hours worked.

70.     Orantes usually worked from 7 a.m. to 8 p.m. but sometimes worked later.

71.     Orantes was paid with two separate checks:  one for the first 40 hours and the second for the overtime worked.

72.     The first check from Denco (or a company created by Denco) for Orantes had withholdings.

73.     From an employee of Denco, the second check for Orantes was from either a separate company or a personal check and did not have withholdings.

74.     Orantes was paid the same hourly rate for all hours worked.

**Daniel Fuentes**

75.     From on or about May 15, 2021 through July 9, 2024, Fuentes worked for Defendants.

76.     Fuentes' job duties were to check that the rooms were in working order, work on electrical, plumbing, air conditioning and pools.

77.     Fuentes was paid $18.29 for all hours worked.

78.     Fuentes usually worked from Monday through Saturday from 7 am to 8pm and Sundays from 7:30 am to 3pm.

79.     Fuentes was paid with two separate checks:  one for the first 40 hours and the second for the overtime worked.

80.     The first check from Denco (or a company created by Denco) for Fuentes had withholdings.

81.     From an employee of Denco, the second check for Orantes was from either a separate company or a personal check and did not have withholdings.

82.     Fuentes was paid the same hourly rate for all work performed.

## §216(b) COLLECTIVE ACTION ALLEGATIONS

83.     The named Plaintiffs brings their Count I under the Fair Labor Standards Act as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by Defendants.  Pending any modifications necessitated by discovery, Plaintiffs preliminary define this "216(b) Class" as follows:

> All individuals employed by Defendants as hourly employees
> for Denco between October 7, 2021 and the present, who
> were not paid mandatory overtime premiums.

84.     The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act 29 U.S.C. § 255(a).

85.     All potential 216(b) Collective Members are similarly situated because they worked for Defendants as hourly employees and are or were subject to Defendants' common policy of failing to pay minimum wage and overtime premiums.

86.     The 216(b) Class consists of approximately 150 employees.

87.     At all times relevant to this action, Defendants employed persons, including Plaintiffs and the Collective they seek to represent, within the State of Colorado.

**FIRST CLAIM FOR RELIEF**
**Failure to Pay Overtime Premiums**
**Violation of the FLSA (29 U.S.C. § 201 et seq.)**

88.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

89.     Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

90.     Defendants employed Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce as that term is defined by the FLSA because Defendants had annual gross revenues in excess of $500,000 and employed two or more persons, including Plaintiffs, who handled materials which had moved in interstate commerce during each year relevant to this action. 29 U.S.C. § 203(s)(1).

91.     Plaintiffs and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

92.     Defendants "employed" Plaintiffs and others as that term is defined by the FLSA. 29 U.S.C. 203(g).

93.     Defendants was Plaintiffs and others "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

94.     Defendants violated the FLSA when they refused to pay Plaintiffs and others overtime premiums for hours worked beyond 40 in each given workweek. 29 U.S.C. § 207.

95.     Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

96.     Plaintiffs and others have suffered lost wages and lost use of those wages in an amount

to be determined at trial.

97.     Plaintiffs and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. 216(b).

### SECOND CLAIM- Failure to Pay All Earned, Vested and Determinable Wages Violation of the CWCA (C.R.S. § 8-4-101, et seq.) <u>(on behalf of Perez)</u>

98.     Plaintiffs repeat and realleges each of the above allegations as if fully set forth herein.

99.     Defendants were Plaintiffs' and others' "employers" as that term is defined by the CWCA because they employed Plaintiff and others in Colorado.  C.R.S. § 8-4-101(6).

100.    Plaintiffs and others were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants.  C.R.S. § 8-4-101(5).

101.    Defendants violated the CWCA when they failed to pay Plaintiffs and those similarly situated all earned, vested and determinable wages upon separation from employment.  C.R.S. § 8-4-109.

102.    Defendants incurred penalties under the CWCA if they failed to all tender *all*  wages *due* within 14 days of receipt of Perez's demand for all wages due to him C.R.S. § 8-4-109.

103.    Defendants failed to tender *all* wages due to Perez within 14 days of receipt of Perez's demand letter and Perez is therefore lost use of those wages in an amount to be determined at trial.

104.     Perez is entitled to recover in a civil action all earned and vested wages still owed to him, statutory penalties and attorney fees and costs of suit.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

### THIRD CLAIM- Failure to Pay All Earned, Vested and Determinable Wages <u>Violation of the COMPS, 7 CCR 1103-1</u>

105.    Plaintiffs repeat and reallege each of the above allegations as if fully set forth herein.

106.    Defendants were Plaintiffs and others' "employers" as that term is defined by the COMPS. 7 CCR 1103-(1.6).

107.    Plaintiffs and others were Defendants "employees" as that term is defined by the

10

COMPS because they performed labor for the benefit of the Defendants.  7 CCR 1103-1(1.5).

108.    Defendants violated the COMPS (and the MWOs) when they refused to pay Plaintiffs and others overtime wages for all hours worked beyond forty each workweek and for all hours worked beyond twelve each workday.  7 CCR 1103-1(4.1.1).

109.    Plaintiffs and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

110.    Plaintiffs and others are entitled to recover unpaid wages, attorney fees and costs of the suit.  C.R.S. §8-6-118; 7 CCR 1103-1(8.1(A)).

**WHEREFORE**, Plaintiffs pray, as to their FIRST CLAIM, that:

This case be certified to proceed as a collective action under 29 U.S.C. §216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential FLSA Collective members;

a.  Plaintiffs and the 216(b) Collective be awarded unpaid overtime premiums;

b.  Plaintiffs and the 216(b) Collective be awarded liquidated damages as required by law;

c.  Plaintiffs and the 216(b) Collective be awarded pre-judgment and post-judgment interest as permitted by law; and

d.  Plaintiffs and the 216(b) Collective be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

e.  Plaintiffs and the 216(b) Collective be awarded such other and further relief as may be necessary and appropriate.

And, as for their SECOND CLAIM, that:

a.  Plaintiff Perez be awarded the remaining wages he is due pursuant to C.R.S. § 8-4-109, together with attorney fees and costs of suit;

And, as for their THIRD CLAIM, that:

a. Plaintiffs be awarded the wages they are due, together with attorney fees and costs of suit;

Respectfully submitted this 7th day of October, 2024 by:


**THE LAW OFFICES OF JACOB ARONAUER**

By:     */s/ Jacob Aronauer*
        Jacob Aronauer
        250 Broadway, Suite 600
        New York, New York 10007
        jaronauer@aronauerlaw.com
        (212) 323-6980

        *Attorney for Plaintiffs*

# EXHIBIT 1

**CONSENT TO JOIN LITIGATION**

I, _Wilmar Perez_ , hereby express my intention and consent to join the case

filed by The Law Offices of Jacob Aronauer against my former employers alleging that they

violated wage and hour laws.

Date: _09/04/24_

Signature: _Wilmar Perez_

## CONSENT TO JOIN LITIGATION

I, _Rudy orantes_____, hereby express my intention and consent to join

the case filed by The Law Offices of Jacob Aronauer against my former employers alleging

that they violated wage and hour laws.


Date: _10/0124_____


Signature: _____

## CONSENT TO JOIN LITIGATION

I, **Daniel Fuentes**, hereby express my intention and consent to join

the case filed by The Law Offices of Jacob Aronauer against my former employers alleging

that they violated wage and hour laws.

Date: **10-2-24**

Signature: **Daniel F**

# EXHIBIT 2



NO. 113    PAY PERIOD ENDING _Denco_

NAME _Rudy Orantes_    1

| DATE | DAY | SHIFT | IN | I/M | OUT | I/M | HOURS WORKED | ACCUMULATED HOURS | OVERTIME |
|------|-----|-------|-----|-----|------|-----|------|------|------|
| 28MO | | | 7:09 | | 6:00 | | 10.85 | 10.85 | |
| 1TU | | | 7:00 | | 6:00 | | 11.00 | 21.85 | |
| 2WE | | | 7:01 | | 6:01 | | 11.00 | 32.85 | |
| 3TH | | | 7:00 | | 6:03 | | 11.05 | 40.00 | 3.90 |
| | | | | | | | | | |
| 7MO | | | 7:15 | | 6:00 | | 10.75 | 50.75 | |
| 8TU | | | 7:03 | | 6:01 | | 10.97 | 61.72 | |
| 9WE | | | 7:19 | | 6:11 | | 10.87 | 72.58 | |
| 10TH | | | 7:18 | | 6:03 | | 10.75 | 80.00 | 7.23 |



NO. *135*     PAY PERIOD *Denco*
ENDING

NAME *Budy Orantes*  1

| DATE | DAY | SHIFT | IN | M | OUT | M | HOURS WORKED | ACCUMULATED HOURS | OVERTIME |
|---|---|---|---|---|---|---|---|---|---|
| 28 | MO | | 7:44 | | 6:00 | | 10.27 | 10.27 | |
| 29 | TU | | 7:00 | | 6:01 | | 11.02 | 21.28 | |
| 30 | WE | | 7:10 | | 6:03 | | 10.88 | 32.17 | |
| 31 | TH | | 6:59 | | 6:00 | | 11.02 | 40.00 | 3.18 |
| 4 | MO | | 6:58 | | 6:01 | | 11.05 | 51.05 | |
| 5 | TU | | 7:02 | | 6:02 | | 11.00 | 62.05 | |
| 6 | WE | | 7:00 | | 6:01 | | 11.02 | 73.07 | |
| 7 | TH | | 6:59 | | 6:01 | | 11.03 | 80.00 | 7.28 |

#A11



NO. _248_ PAY PERIOD ENDING _Denco_

NAME _Rudy Orantes_ **1**

| DATE | DAY | SHIFT | IN | I/M | OUT | I/M | HOURS WORKED | ACCUMULATED HOURS | OVERTIME |
|------|-----|-------|------|-----|------|-----|--------------|-------------------|----------|
| 9 | MO | | 5:53 | | 5:12 | | 11.32 | 11.32 | |
| 10 | TU | | 6:59 | | 6:01 | | 11.03 | 22.35 | |
| 11 | WE | | 6:59 | | 6:01 | | 11.03 | 33.38 | |
| 12 | TH | | 7:00 | | 6:00 | | 11.00 | 40.00 | 4.38 |
| 16 | MO | | 6:56 | | 6:00 | | 11.07 | 51.07 | |
| 17 | TU | | 6:59 | | 6:07 | | 11.13 | 62.20 | |
| 18 | WE | | 6:56 | | 5:57 | | 11.02 | 73.22 | |
| 19 | TH | | 7:00 | | 6:03 | | 11.05 | 80.00 | 8.65 |



NO. 27    PAY PERIOD ENDING _Luis_

NAME _Rudy Otautes_

058

1

| DATE | DAY | SHIFT | IN | !M | OUT | !M | HOURS WORKED | ACCUMULATED HOURS | OVERTIME |
|------|-----|-------|------|----|------|----|----|----|----|
| 24TH | | | 7:15 | | 10:04 | | 14:49 | 14:49 | |
| 25FR | | | 7:25 | | 5:58 | | 10:33 | 25:22 | |
| 26SA | | | 7:20 | | 10:01 | | 14:41 | 40:00 | 0:03 |
| 26SA | | | 10:01 | | 10:01 | | 14:41 | 40:00 | |
| 28MO | | | 5:59 | | 9:59 | | 4:00 | 40:00 | 4:03 |
| 1TU | | | 6:00 | | 10:00 | | 4:00 | 40:00 | 8:03 |
| 2WE | | | 6:01 | | 10:01 | | 4:00 | 40:00 | 12:03 |

NO. **78**   PAY PERIOD ENDING

NAME *Rudy Orantes*   **1**

| DATE DAY SHIFT | IN | T/M | OUT | T/M | HOURS WORKED | ACCUMULATED HOURS | OVERTIME |
|---|---|---|---|---|---|---|---|
| 24TH | 6:03 | | 10:03 | | 4.00 | 4.00 | |
| 25FR | 7:09 | | 6:04 | | 10.92 | 14.92 | |
| 26SA | 7:16 | | 10:05 | | 14.82 | 29.73 | |
| 27SU | 8:16 | | 3:06 | | 6.83 | 36.57 | |
| 28MO | 5:59 | | 10:02 | | 4.05 | 40.00 | 0.62 |
| 29TU | 5:58 | | 10:01 | | 4.05 | 40.00 | 4.67 |
| 30WE | 6:03 | | 10:02 | | 3.98 | 40.00 | 8.65 |



NO. 83     PAY PERIOD ENDING _Luis_

NAME _Rudy Orantes_

| DATE | DAY | SHIFT | IN | I/M | OUT | I/M | HOURS WORKED | ACCUMULATED HOURS | OVERTIME |
|------|-----|-------|------|-----|--------|-----|--------------|-------------------|----------|
| 28 | TH | | 6:01 | | 8:01 | LU | 2.00 | 2.00 | |
| 29 | FR | | 6:56 | | 6:00 | LU | 11.07 | 13.07 | |
| 30 | SA | | 6:58 | | 8:06 | LU | 13.13 | 26.20 | |
| 1 | SU | | 6:54 | | 3:01 | LU | 8.12 | 34.32 | |
| 2 | MO | | 6:00 | | 8:01 | LU | 2.02 | 36.33 | |
| 3 | TU | | 5:59 | | 8:01 | LU | 2.03 | 38.37 | |
| 4 | WE | | 5:59 | | 8:02 | LU | 2.05 | 40.00 | 0.42 |



NO. _____  PAY PERIOD ENDING _Luis_

NAME _Wilmar Paraz_  **1**

| DATE | DAY | SHIFT | IN | 1/2 M | OUT | 1/2 M | HOURS WORKED | ACCUMULATED HOURS | OVERTIME |
|------|-----|-------|------|---|-------|---|-------|-------|------|
| 4TH | | | 7:26 | | 19:22 | | 11.93 | 11.93 | |
| 5FR | | | 7:19 | | 19:58 | | 12.65 | 23.93 | 0.65 |
| 6SA | | | 7:22 | | 20:09 | | 12.78 | 35.93 | 1.43 |
| 7SU | | | 8:04 | | 15:03 | | 6.98 | 40.00 | 4.35 |
| 8MO | | | 8:27 | | 16:39 | | 8.20 | 48.20 | |





NO. _____    PAY PERIOD ENDING _Luis_

NAME _Wilmar Pasol_    **1**

| DATE | DAY SHIFT | IN | I/M | OUT | I/M | HOURS WORKED | ACCUMULATED HOURS | OVERTIME |
|---|---|---|---|---|---|---|---|---|
| 29WE | | 16:01 | | 19:59 | | 3.97 | 3.97 | |
| 30TH | | 15:56 | | 19:58 | | 4.03 | 8.00 | |
| | | | | 7:46 | | 0.30 | 8.30 | |
| 1SA | | 7:46 | | 17:09 | | 9.68 | 17.68 | |
| 2SU | | 7:12 | | | | | | |
| | | | | 12:07 | | 4.92 | 22.60 | |



| DATE | DAY | SHIFT | IN | I/M | OUT | I/M | HOURS WORKED | ACCUMULATED HOURS | OVERTIME |
|------|-----|-------|------|-----|-------|-----|--------------|-------------------|----------|
| 10 | MO | | 4:06 | | 10:00 | | 5:54 | 5:54 | |
| 11 | TU | | 4:05 | | 10:00 | | 5:55 | 11:49 | |
| 12 | WE | | 4:05 | | 7:27 | | 3:22 | 15:11 | |
| 13 | TH | | 4:01 | | 10:03 | | 6:02 | 21:13 | |
| 15 | SA | | 7:05 | | 10:07 | | 15:02 | 36:15 | |
| 16 | SU | | 7:58 | | 4:07 | | 5:09 | 40:00 | 1:24 |

NO. _____ PAY PERIOD ENDING _____ *Luis*

NAME _____ WILMAR PEREZ  **1**

# EXHIBIT 3



# DENVER NORTH LODGING, LLC

NAME:

12200
8075

CHECK DATE:

| | | Hours | Rate | Current | YTD | ES | Current | YTD |
|---|---|---|---|---|---|---|---|---|
| Wilmer Perex Escalante | Regular Pay | 40.00 | 15.00 | 600.00 | 1,476.00 | Federal Income Tax | 0.00 | 0.00 |
| 161 Fulton St F315 | Overtime Pay | 3.15 | 22.50 | 70.88 | 84.16 | Social Security | 41.59 | 96.73 |
| Aurora | | | | | | Medicare | 9.73 | 22.62 |
| CO, 80010 | | | | | | CO Income Tax | 24.00 | 51.00 |

Denver North Lodging, LLC
10 E. 120th Ave
Northglenn
CO, 80233

ER PAY

EDUCTIONS    Current    YTD

Current    YTD

Pay Period
05/10/2021 - 05/23/2021

ENEFITS

Used    Available

Pay Date
05/28/2021

MEMO:

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $670.88 | $1,560.16 |
| Taxes | $75.32 | $170.35 |
| Deductions | $0.00 | $0.00 |
| NET PAY: | | $595.56 |

# EXHIBIT 4



