IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02766-RMR-NRN

WILMAR PEREZ,
RUBY ORANTES,
EDGAR SUAREZ ACEROS,
ALEXIS CALDERON, and
GOJHAN SIERRA,

Plaintiffs,

v.

DENCO CONSTRUCTION LLC d/b/a DENCO,
ROA CONSTRUCTION LLC,
ABC COMPANIES 1-10 (names fictitious),
BRUCE RAHMANI,
YESSICA ROA, and
JOHN DOES 1-10 (names fictitious) individually,

Defendants.

---

**ORDER ON PLAINTIFFS' MOTION TO COMPEL, INTERVENE, SETTLEMENT
CONFERENCE AND ATTORNEY FEES (ECF No. 45)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court pursuant to Orders issued by Judge Regina M. Rodriguez, ECF Nos. 47, referring Plaintiffs Wilmar Perez and Ruby Orantes' Motion to Compel, Intervene, Settlement Conference and Attorney Fees. ECF No. 45. Defendants Denco Construction, LLC and Bruce Rahmani ("Denco Defendants") filed a response. ECF No. 61. At a Scheduling Conference on February 11, 2025, the Court denied Plaintiffs' request for a settlement conference, took under advisement Plaintiffs' request for attorney fees, and took under advisement Plaintiffs' request to intervene, pending

the submission of revised declarations. ECF No. 63. Plaintiffs' counsel submitted a revised declaration on February 27, 2025. ECF No. 76.[1]

The Court has taken judicial notice of the case file and considered the applicable federal and state statutes and case law. As set forth below, it is hereby **ORDERED** that Plaintiffs Perez and Orantes' Motion to Compel, Intervene, Settlement Conference and Attorney Fees, ECF No. 45 is **DENIED**.

## I. BACKGROUND[2]

### a. Procedural History

Plaintiffs Perez, Orantes, and Daniel Fuentes filed the original Collective Action Complaint for Unpaid Wages on October 7, 2024. ECF No. 1. Plaintiffs are currently or formerly employed by the Denco Defendants as construction workers, and brought claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Colorado Wage Act ("CWA"), Colo. Rev. Stat. § 8-4-101, et seq. , and the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 Colo. Code Regs. § 1103-1 based on allegations that the Denco Defendants failed to properly pay overtime wages. *Id*. On November 4, 2024, the Court granted Fuentes' motion to withdraw from this lawsuit. ECF No. 12. On December 18, 2025, the Court granted Plaintiffs Perez and Orantes' motion to file the First Amended Class and Collective Action Complaint for Unpaid Wages on December 17, 2024, bringing the same claims (this time, as a class) against the Denco Defendants. ECF No. 24. The Court later permitted Plaintiffs to file a

---

[1] This document was previously stricken from the docket because Plaintiff filed it as an attachment to a letter. ECF No 116. However, the Court in its discretion will consider this document in connection with this motion.
[2] Any citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

2

second and third amended complaint. ECF Nos. 64, 117. The now-operative Class and Collective Action Third Amended Complaint for Unpaid Wages, ECF No. 117, asserts FLSA, CWA, and COMPS claims on behalf of five Plaintiffs (Perez, Orantes, Edgar Suarez Aceros, Alexis Calderon, and Gohjan Sierra) against the Denco Defendants, ROA Construction Group LLC, and Yessica Roa. ECF No. 117.

## II.  ANALYSIS

Counsel for the Denco Defendants states that shortly after this lawsuit was filed, the Denco Defendants, "acting independently of any advice or instruction from counsel," contacted Fuentes in an attempt to settle the dispute. ECF Nos. 61 at 2. Before the Court is a signed settlement agreement between Fuentes and the Denco Defendants for $15,000, dated October 25, 2024 ("Fuentes Settlement Agreement"). ECF Nos. 45 at 3; 61-1. Fuentes did not consult with counsel regarding this proposed settlement and in fact "denied that such an arrangement took place" when Plaintiffs' counsel asked Fuentes if settlement had been reached. ECF No. 45 at 3.

Additionally, in January 2025, the Denco Defendants offered to settle with Perez and Orantes under similar terms; Plaintiff's counsel alleges that the Denco Defendants offered $9,000 to each and promised to employ Perez and Orantes as painters for two years. ECF No. 45 at 3. Defense counsel states that these offers occurred "independently of any advice or instruction from counsel." ECF No. 61 at 2.

Plaintiffs' Motion to Compel, Intervene, Settlement Conference and Attorney Fees contains two requests now pending before the Court: (1) that the Court "get Defendants to 'stop' trying to directly settle with Plaintiffs without the benefit of their counsel" and to "cease engaging in direct settlement negotiations with the *remaining*

3

Plaintiffs," and (2) that the Court award Plaintiffs' counsel with attorney's fees in connection with the Fuentes Settlement Agreement.[3] ECF No. 45 at 1, 3–5.

### a. Plaintiffs' Counsel's Request to Prevent the Denco Defendants from Contacting Remaining Plaintiffs Regarding Potential Settlement

Regarding Plaintiffs' counsel's first request that the Denco Defendants stop contacting the remaining Plaintiffs regarding potential settlement, Plaintiffs' counsel states that Plaintiffs are "uneducated immigrants"[4] and that Defendants are trying to take advantage of Plaintiffs by repeatedly attempting to "directly settl[e] with them for a fraction of their damages." ECF No. 45 at 1. Plaintiffs' counsel states that the Denco Defendants' counsel has declined to ask or instruct the Denco Defendants to stop attempting to settle directly with Plaintiffs. *Id.* at 2. Plaintiffs' counsel cites *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) for the proposition that a court should review all FLSA settlements "to ensure that unsophisticated plaintiffs are not taken advantage." *Id.* at 4. Plaintiffs' counsel argues that in at least three other cases, out-of-circuit courts have required that FLSA settlement agreements be court-approved. *Id.* (citing *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350 (11th Cir. 1982); *Taylor v. Progress Energy, Inc.*, 493 F.3d 454 (4th Cir. 2007); *York v. Velox Express, Inc.*, No. 3:19-CV-00092-CHL, 2022 WL 20804127 (W.D. Ky. Mar. 25, 2022)).

---

[3] The motion also requests that the Court order the parties to attend a settlement conference. The Court previously denied this portion of the motion. *See* ECF No. 63 at 2.

[4] Plaintiffs' counsel also refers to Plaintiffs as "disadvantaged" and "unsophisticated." The Court cautions Plaintiffs' counsel to use precise and descriptive language, and not fall back on reductive stereotypes in describing the alleged limitations or disadvantages his clients may face.

4

Defense counsel argues that, under the Colorado Rules of Professional Conduct, the parties themselves may communicate directly with each other. ECF No. 61 at 3 (citing Colo. R. Prof'l Conduct 4.2, Cmt. 4; *Nichols v. Orr*, 166 P. 561, 563 (Colo. 1917) (describing "the ancient rule, universally followed, that not only permits but encourages parties litigant to meet and adjust their differences, either with or without the presence and aid of their attorneys")). Defense counsel also argues that while the Tenth Circuit has not determined whether court approval of FLSA settlements is required, courts in this district have generally held that such approval is not required. ECF No. 71 at 4 (citing *Fails v. Pathway Leasing LLC,* No. 18-cv-00308, 2018 WL 6046428, at *4 (D. Colo. Nov. 19, 2018); *Ruiz v. Act Fast Delivery of Colo., Inc.*, No. 14-cv-00870-MSK-NYW, 2017 WL 11545275, at *3 (D. Colo. Jan. 9, 2017)).

The Court considered this request at a Scheduling Conference on February 11, 2025. ECF No. 63 at 2. The Court stated:

> If an outreach was made, and the Plaintiffs individually are receptive, and they say "yeah, we'll have that conversation," there's nothing illegal about that. But if they've said (repeatedly as is represented), "we have counsel, we do not want to be contacted by representatives of [the Denco Defendants] or anybody else, we want all communications to go through counsel," I think that request should be respected.

ECF No. 63. Defense counsel agreed, stating "if there is a request by the Plaintiffs to not contact them anymore, I will absolutely pass that request onto my client and I don't see any reason why my client would disagree with that." *Id.* The Court then told Plaintiffs' counsel:

> If you do get a declaration including these statements from your client stating, "we don't want to be pestered anymore, all communications should go through our counsel, and these requests aren't being respected," then Court relief may be in order. But right now, you're being told one thing by your clients, opposing counsel is being told something else, and it's hard for

5

> me to decide. The case law seems to be that parties can try and independently settle a case. But if someone is trying to take advantage over the objection of somebody who says "I don't want to talk to you anymore," then I'm prepared to step in. But I don't think an evidentiary showing sufficient for me to do that has been made yet.

*Id.*

On February 27, 2025, Plaintiffs' counsel filed a declaration of newly-added Plaintiff Suarez Aceros, which "request[s] that any settlement offers, discussions, or inquiries be directed exclusively through my attorney, Jacob Aronauer," and "ask[s] that Denco and any third parties acting on its behalf do not attempt to contact me directly regarding this matter and instead communicate solely through my attorney." ECF No. 76 at 3.

The Court makes the following ruling regarding Plaintiffs' request to prevent the Denco Defendants from contacting the remaining Plaintiffs. The Suarez Aceros declaration does not contain any statements about previous instances of the Denco Defendants contacting Suarez Aceros, nor any previous requests by Suarez Aceros that the Denco Defendants stop contacting him in the future. Defense counsel has indicated that if Plaintiffs request that the Denco Defendants stop contacting them regarding settlement, they will honor that request. Suarez Aceros has now made such a request, and therefore the Court expects that any future communications regarding settlement with respect to Suarez Aceros should be completed through counsel. The Court will not otherwise place limitations on the parties' ability to communicate regarding settlement.[5]

---

[5] Plaintiffs' counsel argues that FLSA settlements must be court-approved and, therefore, Defendants should not be allowed to contact Plaintiffs regarding prospective settlement. Plaintiffs' counsel has not moved for the Court to invalidate the Fuentes Settlement Agreement, so the question of whether all FLSA settlements must be court-approved is not currently before the Court. However, even if all FLSA settlements

6

### b. Plaintiffs' Counsel's Request for Attorney's Fees Regarding the Fuentes Settlement Agreement

Plaintiffs' counsel states that he did not receive any fees in connection with the Fuentes Settlement Agreement and argues that he is entitled to such fees. *Id.* at 4-5. He argues that this would be permitted under the FLSA and Colorado state law.

Defense counsel argues that Plaintiffs' counsel is not entitled to attorney fees in connection with the Fuentes Settlement Agreement. First, defense counsel argues that Plaintiffs' counsel is not the "prevailing party." ECF No. 61 at 5–6. Second, counsel argues that under the Fuentes Settlement Agreement, Fuentes released and waived "any and all claims concerning attorney fees, costs, and any and all other expenses related to the claims released in this Agreement," and that Mr. Fuentes was free to give up a statutory entitlement to attorney fees as part of a settlement agreement. *Id.* at 7 (citing *Chicano Police Officer's Assn. v. Stover*, 624 F.2d 127, 132 (10th Cir. 1980)). Third, defense counsel argues that Plaintiffs' counsel has not made the required accounting of the fees.

The Court considered this request at the February 11, 2025 Scheduling Conference. The Court observed that Plaintiffs' counsel had not presented any legal authority for the proposition that the Denco Defendants can be compelled to pay Plaintiffs' counsel additional money after the Fuentes Settlement Agreement has already been paid out. The Court permitted Plaintiffs' counsel to supplement the request. ECF No. 63 at 2. Plaintiffs' counsel declined to do so. ECF No. 65.

---

required court approval, it would not necessarily follow that the Denco Defendants should be prohibited from contacting Plaintiffs regarding settlement.

Because Plaintiffs' counsel has not provided any legal authority in support of his request, the Court denies Plaintiffs' counsel's request to be awarded attorney's fees in connection with the Fuentes Settlement Agreement.

### III. CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Plaintiffs Perez and Orantes' Motion to Compel, Intervene, Settlement Conference and Attorney Fees, ECF No. 45 is **DENIED**.

Dated at Denver, Colorado this 11th day of July, 2025

_____
N. Reid Neureiter
United States Magistrate Judge