IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02766-RMR-NRN

WILMAR PEREZ,
RUBY ORANTES,
EDGAR SUAREZ ACEROS,
ALEXIS CALDERON, and
GOJHAN SIERRA,

      Plaintiffs,

v.

DENCO CONSTRUCTION LLC d/b/a DENCO,
ROA CONSTRUCTION LLC,
ABC COMPANIES 1-10 (names fictitious),
BRUCE RAHMANI,
YESSICA ROA, and
JOHN DOES 1-10 (names fictitious) individually,

      Defendants.

---

**ORDER GRANTING
PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND TO FACILITATE
NOTICE OF COLLECTIVE ACTION PURSUANT TO SECTION 216(b) OF THE FAIR
LABOR STANDARDS ACT (ECF No. 131)**

---

**N. REID NEUREITER
United States Magistrate Judge**

      This case is before the Court pursuant to an Order issued by Judge Regina M. Rodriguez, ECF No. 132, referring Plaintiffs' Motion for Conditional Certification and to Facilitate Notice of Collective Action Pursuant to Section 216(b) of the Fair Labor Standards Act ("Motion"), ECF No. 131. Defendants Denco Construction LLC and Bruce Rahmani (together, the "Denco Defendants") filed a response, ECF No. 136, and

Plaintiffs filed a reply, ECF No. 138. The Court heard argument on the Motion on July 14, 2025. *See* ECF No. 146.

The Court has taken judicial notice of the case file and considered the applicable federal and state statutes and case law. As set forth below, it is hereby **ORDERED** that Plaintiffs' Motion, ECF No. 131, is **GRANTED**.

## I.  BACKGROUND[1]

The following summary is drawn from Plaintiffs' Third Amended Complaint, ECF No. 117, and is recited to provide context for Plaintiffs' request to conditionally certify a collective action and for Defendants' opposition to that request.

Plaintiffs and the putative class and collective members are individuals who are or were employed by the Denco Defendants as construction workers. Plaintiffs allege that the Denco Defendants, acting in concert with Defendants Roa Construction Group LLC and Yessica Roa (together, the "Roa Defendants"), violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Colorado Wage Act ("CWA"), Colo. Rev. Stat. § 8-4-101, et seq., and the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 Colo. Code Regs. § 1103-1, by failing to pay their employees one and one-half times each employee's regular rate of pay for each hour worked beyond 40 each workweek. Plaintiffs claim that the Denco Defendants required workers to use two separate timecards. The Denco Defendants would pay employees for the first 40 hours worked. Then, rather than being paid overtime for additional hours worked, employees would be paid straight time by Roa Construction LLC, a shell

---

[1] Any citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

company controlled and funded by the Denco Defendants. In other cases, the Denco Defendants simply had Roa Construction LLC pay their employees for all hours worked, even though they were in all respects Denco employees.

Plaintiffs further allege that after the lawsuit was filed, the Denco Defendants began requiring employees who only speak Spanish to sign an English-language document which purportedly prevents them from joining this action. The Court learned at a March 11, 2025, evidentiary hearing on a related motion, that at least 66 current or former Denco employees signed settlement agreements with Denco between October 2024 through February 2025. In 61 instances, the signings occurred in December 2024, the agreement was provided only in English, and the employee received a check for exactly $500. For example, Plaintiff Suarez signed the agreement in November 2024 and received a check for $500 in December 2024. However, four current or former employees received more than $500. Two are named Plaintiffs;[2] Rudy Orantes and Wilmar Perez, each received checks for $12,000 on February 13, 2025. Orantes and Perez were the only employees to also receive a Spanish version of the document.

Plaintiffs seek the conditional certification of the following collective: "**All construction workers who worked on or after October 7, 2021 for Defendants who were not paid overtime at time and one half their hourly rate for work performed after 40 hours in a given week.**" They request that Defendants promptly produce contact information for potential members and that notice be distributed via first class mail, e-mail, and text message. Plaintiffs also ask the Court to order Defendants to post

---

[2] A third, Daniel Fuentes, was an original Plaintiff who was given leave to withdraw from this case.

3

the Notice and Consent to Join form, in English and Spanish, in conspicuous places in their place of business for a period of 60 days and include a copy of the Notice and Consent to Join form, in English and Spanish, in two consecutive pay envelopes of all putative collective action members currently employed by Defendants. In their reply brief, Plaintiffs add additional requested language: "the notice should state that (a) the Denco Defendants cannot retaliate against current and former workers for joining this action; (b) people can join regardless of their immigration status; and (c) the previously issued waivers for only $500 are not enforceable."

## II. LEGAL STANDARD

The FLSA permits collective actions where the allegedly aggrieved employees are "similarly situated." 29 U.S.C. § 216(b). Whether employees are similarly situated is judged in two stages: a preliminary or "notice stage" (at issue here) and then a more searching, substantive stage, usually after the close of discovery. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102–03, 1105 (10th Cir. 2001). At the notice stage, a plaintiff must offer "nothing more than substantial allegations that the putative [collective action] members were together the victims of a single decision, policy, or plan." *Id*. at 1102 (internal quotation marks omitted); *see also Boldozier v. Am. Fam. Mut. Ins. Co*., 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005) (applying *Thiessen* standard). The standard for certification at this stage is a lenient one. *See Thiessen*, 267 F.3d at 1103; *Williams v. Sprint/United Mgmt. Co*., 222 F.R.D. 483, 485 (D. Kan. 2004). If the plaintiff meets this standard, the Court may order the defendant to provide contact information for all employees and former employees that may be eligible to participate in the collective action, and the Court may approve a form of notice to be

4

sent to all of those individuals. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–74 (1989). Such notice is often necessary because, unlike class actions under Federal Rule of Civil Procedure 23, collective actions under the FLSA require a party to opt in rather than opt out of the putative collective action. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Obviously, current or former employees cannot opt in if they do not know about the pending action.

### III.  ANALYSIS

Plaintiffs request that the Court conditionally certify the collective action, approve their proposed form of notice, and approve their proposed notice plan. ECF No. 131. The Denco Defendants object to conditional certification and the notice plan on various grounds, which will be discussed in turn. ECF No. 136.

#### a.  Standing of Plaintiffs Perez, Orantes, and Suarez

First, the Denco Defendants claim that Perez, Orantes, and Suarez lack standing and/or have no claims against the Denco Defendants because they signed settlement agreements and received checks. This issue is the subject of a related Motion to Enforce Settlement Agreement, ECF No. 112, and will be discussed in more detail there. At the very least, there are disputed facts as to whether Suarez knowingly waived any rights when he signed a document in a language he could not read and, like most of the other putative class members, received only $500 for what he was told was an error in tax calculations. *See* ECF No. 101 (Suarez Decl.). Regardless of the status of Perez and Orantes' claims, Suarez has a facially viable FLSA claim, and the Court does not

5

find any reason to delay conditional certification until after it decides the Motion to Enforce Settlement Agreement.

### b. Plaintiffs Calderon and Sierra

The Denco Defendants next argue that Plaintiffs Calderon and Sierra were not employed by the Denco Defendants and therefore cannot represent a putative collective against them. The Denco Defendants argue that Plaintiffs have not sufficiently alleged that Denco and the Roa Defendants were joint employers. The Court disagrees.

First, as Plaintiffs note, none of the cases the Denco Defendants cite discussing the joint employer test involved a motion for conditional certification of an FLSA collective. Their arguments may be more appropriately raised on summary judgment.

More substantively, both Calderon and Sierra state in their declarations that although their paychecks were signed by Roa Construction LLC, the work was actually performed for Denco, who controlled the job sites, assigned tasks, supervised work, and set schedules. *See* ECF Nos. 131-2 (Calderon Decl.); 131-5 (Sierra Decl.). Indeed, both state, based on personal knowledge, that "Bruce Rahmani, the owner of Denco, established Roa Construction together with his employee Yessica Roa . . . to pay workers like me at straight time for all hours worked and avoid paying workers the correct overtime rate." *Id.* In other words, Plaintiffs claim that Roa Construction LLC was a sham company that was created as a means to violate wage and hour laws. As the Denco Defendants acknowledge, the Court does not typically consider the merits at the notice stage. The allegations in the Third Amended Complaint and the relevant declarations pass statutory muster, especially given the lenient standard for conditional certification.

### c. Conditional Certification

The Denco Defendants claim that Plaintiffs have not met their burden for conditional certification because they failed to plead substantial allegations to show that they are similarly situated to the proposed putative collective. Again, the Court disagrees.

The Court first rejects the Denco Defendants' argument that Plaintiffs' allegations and declarations should be disregarded as conclusory. The Court may deny conditional certification where: (1) "the complaint is wholly conclusory in nature"; (2) "the supporting affidavit relies on hearsay from unidentified sources"; and (3) "the nature of the violation is rendered ambiguous by the particular circumstances of the only named plaintiff." *Ward v. Express Messenger Sys., Inc*., No. 17-cv-02005-NYW, 2018 WL 1604622, at *3 (D. Colo. Apr. 3, 2018). While Plaintiffs' burden is modest, it is "not non-existent, and it cannot be satisfied simply by unsupported assertions." *Id*. Here, the Third Amended Complaint is not "wholly conclusory," and the Motion is supported by five declarations describing a common scheme to avoid paying overtime wages to Denco's construction workers. The Denco Defendants' objection that Orantes and Perez do not identify who instructed them to use two timecards is not particularly relevant; both state that they did, in fact, use two timecards, and because they did, they did not get paid overtime. As to the Denco Defendants' protest that Plaintiffs do not establish how they could have known that the Denco Defendants and Roa Defendants were working in concert, they can obtain information through the discovery process that may prove or disprove such statements. The Court will not rule on their veracity here. *See Daugherty v. Encanca Oil & Gas (USA), Inc.,* 838 F. Supp. 2d 1127, 1133 (D. Colo. 2011) (finding allegations by

7

plaintiff that he did not receive overtime pay and that he believed others did not receive overtime pay, coupled with his declaration and that from one other employee, sufficient to meet burden for conditional certification).

The Court likewise rejects the contention that Plaintiffs have not set forth substantial allegations of a single common policy that violates the FLSA. Plaintiffs describe in detail in the Third Amended Complaint and their declarations the scheme the Denco Defendants allegedly concocted with the Roa Defendants and others to avoid paying overtime. Plaintiffs state that they were not paid all their legal wages because of this scheme. These allegations are sufficient to meet the lenient burden at the conditional certification stage. *See Grady v. Alpine Auto Recovery LLC*, No. 15-cv-00377-PAB-MEH, 2015 WL 3902774, at *2 (D. Colo. June 24, 2015) ("Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan.") (internal citation omitted).

Finally, the Denco Defendants' argument that Plaintiffs have not demonstrated that they are "similarly situated" is unpersuasive. The Denco Defendants claim that Plaintiffs "fail to establish how the entire collective of 'all construction workers' dating back to October 7, 2021, across the state of Colorado, and multiple different worksites[,] are similarly situated." Although the Denco Defendants "seek[] to derail conditional certification by leaning on potential minor variances in the individual circumstances of particular Plaintiffs that might set them apart from" the putative collective, "'the predominance of individual questions is only relevant at the post-discovery stage of the

8

collective action certification.'" *Davis v. Vitamin Cottage Natural Food Markets Inc.*, No. 17-cv-01301-CMA-MEH (D. Colo. Dec. 20, 2017), ECF No. 34 (quoting *Smith v. Pizza Hut, Inc.*, No. 09-CV-01632-CMA, 2012 WL 1414325 at *6 (D. Colo. Apr. 21, 2012)). "The court does not weigh evidence, resolve factual disputes, or rule on the merits of plaintiffs' claims during the notice stage." *Levine v. Vitamin Cottage Natural Food Markets, Inc.*, No. 1:20-cv-00261-STV (D. Colo. Nov. 6, 2020) (citation and alterations omitted). Rather, at this stage it is sufficient to provide "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102 (citation and internal quotation marks omitted). Plaintiffs have met that minimal evidentiary burden here by alleging that the Denco Defendants implemented a two-timecard system to pay its construction workers less than they earned and to circumvent the FLSA and other laws. *See Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 324 (E.D.N.Y. 2016) (granting conditional certification where employer utilized "two punch card" system for busboys, servers, and kitchen workers).

### d. Equitable Tolling

The Court next turns to Plaintiffs' request to toll the statute of limitations for putative members of the collective. A two-year statute of limitations governs FLSA claims for unpaid wages, unless the violation was "willful," in which case a three-year statute of limitations applies. *See* 29 U.S.C. § 255. As to opt-in plaintiffs, these limitations periods are measured against the date on which each plaintiff's opt-in notice is filed with the Court. *Id.* § 256(b). In other words, an FLSA plaintiff can recover wages only if those wages were unlawfully withheld in the two (or perhaps three) years

9

preceding the complaint's filing (for named plaintiffs) or the opt-in notice's filing (for opt-in plaintiffs). Here, Plaintiffs argue that the statute of limitations for the federal and state statutes relied upon should be tolled. Unhelpfully, Plaintiffs do not suggest a date on which tolling should commence and do not address any of the Denco Defendants' objections.

The decision whether to apply the equitable tolling doctrine in a FLSA case lies with the sole discretion of the district court. *Stransky v. HealthONE of Denver, Inc*., 868 F. Supp. 2d 1178, 1181 (D. Colo. 2012). Statutes of limitations may be equitably tolled in FLSA actions "when doing so is in the interest of justice." *Id*. Generally, the "unique circumstances of a collective action 'is not only significant but justifies tolling the limitations period . . . for the FLSA putative class until the court authorizes the provision of notice to putative class members or issues an order denying the provision of notice.'" *Id*. (internal citation omitted).

This lawsuit was filed on October 7, 2024, and Plaintiffs first moved for conditional certification on November 20, 2024. This motion was mooted by the filing of amended pleadings. *See* ECF No. 63. The subject motion was filed on May 7, 2025, a hearing was held on July 14, 2025, ECF No. 146, and this Order will be entered in September 2025. Having considered the particular facts of this case, the Court concludes that the interests of justice are best served by permitting limited equitable tolling from November 20, 2024, the date the original motion for conditional certification, through the end of the opt-in period.

### e. Proposed Notice

Finally, the Denco Defendants object to Plaintiffs' proposed notice on several grounds:

1. Plaintiffs' proposed definition of "[a]ll construction workers who worked on or after October 7, 2021" is overly broad and should be narrowed narrowed to the putative collective that worked at the same worksites and roles as the Plaintiffs.
2. The definition of the FLSA collective in the notice should reflect the three-year period from the date of an order granting conditional certification, and not the filing of the lawsuit, and potential opt-in plaintiffs should also be informed claims might only cover the two years before they submit their consent form.
3. The proposed notice fails to inform recipients of the potential consequences and responsibilities of joining the lawsuit, such as paying court costs and fees if Defendants prevail, participating in discovery, and/or appearing at a deposition or trial in Denver.
4. The proposed notice should include the Denco Defendants' denial of Plaintiffs' allegations and their primary defenses.
5. Plaintiffs' proposed modes of distribution and reminder notices are excessive, prejudicial, and inappropriate, and should be limited to ordinary mailed notice
6. The proposed notice fails to effectively inform the individuals receiving the Notice of their right to retain different counsel.
7. The notice period should be set for forty-five, rather than 60, days Plaintiffs counsel is willing to be responsible for delivery.

11

The Court is not persuaded as to the merits of most of these objections. Rather, having reviewed Plaintiffs' proposed notice materials, *see* ECF No. 131-1, the Court ACCEPTS and ADOPTS the proposed notice and proposed method of distribution with the following exceptions or additions.

First, as described in the order issued this same day, the notice should include language correcting the misimpression that any waivers signed by the employees are necessarily valid. Without specifically stating that the waivers are invalid, the corrective language should explain that employees may opt in to this collective and become part of this lawsuit even if they have previously signed a waiver, and the enforceability of the waiver has not yet been determined.

Second, the notice should include the Denco Defendants' denial of Plaintiffs' allegations and mention their primary defenses.

Third, the notice should inform recipients of their responsibilities in joining the lawsuit, such as paying court costs and fees if Defendants prevail, participating in discovery, and/or appearing at a deposition or trial in Denver.

As described in the parallel order issued today, the Parties are to confer on the final language of the notice and submit such language for Court approval by September 22, 2025. Any disagreements should only be about the nature of the corrective aspect of the language. The Court is otherwise prepared to approve the proposed notice submitted by the Plaintiffs with the additions listed above. If the Parties cannot agree, each side should submit their proposed language and the Court will decide.

## IV. CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Motion for Conditional Certification and to Facilitate Notice of Collective Action Pursuant to Section 216(b) of the Fair Labor Standards Act ("Motion"), ECF No. 131, is **GRANTED**.

It is further **ORDERED** that the Court grants conditional certification of the following collective: "**All construction workers who worked on or after October 7, 2021, who worked for Defendants who were not paid overtime at time and one half their hourly rate for work performed after 40 hours in a given week.**"

It is further **ORDERED** that will approve the Notice and Consent to Join form, ECF No. 131-1 at 4–6, and text message to the potential FLSA Collective once the proposed final notice is submitted for Court review.

It is further **ORDERED** that, once approved by the Court, Plaintiffs shall deliver the Notice and Consent to Join form to all potential collective action members via first-class U.S. Mail.

It is further **ORDERED** that, once they are approved by the Court, the Denco Defendants shall post the Notice and Consent to Join form, in English and in Spanish, in conspicuous places in their place of business for a period of 60 days, and shall include a copy of the Notice and Consent to Joint form, in English and Spanish, in two consecutive pay envelopes of all putative collective action members currently employed by Defendants.

It is further **ORDERED** that Defendants shall produce the names, cell phone numbers, e-mail addresses, mailing addresses and dates of employment of all potential

class members within 14 days of the Court's order so that Plaintiffs may disseminate the Notice and Consent to Join form in a timely fashion.

It is further **ORDERED** that the putative class members shall have 60 days from the date Plaintiffs disseminate the Notice in which to opt-in to the action.

It is further **ORDERED** that Plaintiffs' counsel is permitted to send notice of the lawsuit to Plaintiffs via e-mail, text message and mail

Dated at Denver, Colorado this 12th day of September 2025.

_____
N. Reid Neureiter
United States Magistrate Judge

14