IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 24-cv-02766-RMR-KAS

WILMER PEREZ,
RUBY ORANTES,
EDGAR SUAREZ ACEROS,
GOJHAN SIERRA,
ESTABAN SUAREZ,
ALEXAS CALDERON,

　　　　Plaintiffs,

v.

DENCO CONSTRUCTION LLC d/b/a/ DENCO,
ROA CONSTRUCTION LLC,
ABC COMPANIES 1-10 (names fictitious)
BRUCE RAHMANI,
YESSICA ROA,
JOHN DOES 1-10 (names fictitious) individually,

　　　　Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge N. Reid Neureiter, ECF No. 182, entered December 31, 2025, addressing Defendant Denco Construction LLC's ("Denco") Motion to Enforce Settlement Agreements (the "Motion"), ECF No. 112. Magistrate Judge Neureiter recommends that the Motion be denied. Denco filed an Objection to the Recommendation. ECF No. 183. Plaintiffs filed a Reply that exceeded the page limit by three pages. ECF No. 184. Denco filed an opposed motion for leave to file a reply in further support of their objection. ECF

No. 185. Plaintiff filed an opposed motion to amend their Reply to comply with the Court's page limitation of 10 pages. ECF No. 186. On February 5, 2026, the Court denied Denco's motion to file a reply and granted Plaintiffs' motion to amend their Reply to Denco's Objection. ECF Nos. 188-89.

Defendants allegedly violated the Fair Labor Standards Act ("FLSA"). Denco has moved to dismiss claims by Perez, Orantes, and Aceros because Denco asserts it settled with these Plaintiffs and such settlement is a valid agreement which the Court should enforce. Denco objects to Magistrate Judge Neureiter's conclusion "that an FLSA settlement agreement must be presented to the court for approval in accordance with factors set forth in *Lynn's Food* to be enforceable," ECF No. 182 at 18, and his recommendation to deny the Motion. This Court agrees with the other judges in this District who have addressed this matter that not every FLSA settlement agreement must be approved by the Court. *See, e.g.*, *Ruiz v. Act Fast Delivery of Colo., Inc.*, No. 14-CV-00870-MSK-NYW, 2017 WL 11545275, at *2 (D. Colo. Jan. 9, 2017) (the Honorable Marcia S. Kreiger holding that FLSA settlements do not require court approval, absent special circumstances). However, Denco has not convinced this Court that this is one of those cases that do not require court approval. For the reasons stated below, the Court overrules Denco's objection and adopts the Recommendation insofar as it denies Defendants' Motion to Enforce Settlement Agreement.

## I.    BACKGROUND

### A.    Procedural Background

The parties do not object to the factual or procedural background outlined in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth therein and restates them only to the extent that it is helpful for the reader. On October 7, 2024, Plaintiffs Perez and Orantes, along with a third plaintiff, who is no longer a plaintiff,[1] filed a Collective Action Complaint for Unpaid Wages against Defendants Denco and Rahmani, alleging: 1) violations of the FLSA, 2) violations of the Colorado Wage Claim Act, and 3) violations of Colorado's Overtime and Minimum Pay Standards Order ("COMPS"). ECF No. 1. Denco is a construction company. ECF No. 182 at 1. Plaintiffs were employed by Denco as construction workers. *Id.* Plaintiffs allege that Denco required workers to use two separate timecards. *Id.* The first 40 hours worked would be placed on one timecard for Denco and any overtime would be put on a timecard for Defendant Roa Construction LLC to avoid having to pay time and half for overtime. *Id.*

On December 18, 2024, the case was amended to add a class action component to the CWA and COMPS claims. ECF No. 25. On February 10, 2025, Plaintiffs filed a motion for a protective order, seeking to invalidate agreements entered into by 61 Denco employees between December 24, 2024 and December 31, 2024. *See* ECF No. 59. The agreements provided that those employees would release their wage and hour claims against Denco in exchange for $500 (the "$500 Release"). *Id.* Plaintiffs also sought to

---

[1] On November 4, 2024, Plaintiffs' counsel filed a Notice of Voluntary Withdraw of Plaintiff Daniel Fuentes. ECF No. 11. On November 5, 2024, the Court granted Plaintiff Fuentes' request to withdraw. ECF No. 12.

prevent Denco from discussing the lawsuit with its employees; and prohibit Denco from seeking additional $500 Releases. *Id.* On February 17, 2025, Plaintiffs filed a second amended complaint adding Plaintiff Aceros and Defendants Roa Construction Group, ABC Companies 1-10, Roa, and John Does 1-10. ECF No. 64. On April 3, 2025, Denco filed the Motion seeking to enforce the settlement agreements between Denco and Plaintiffs Perez, Orantez, and Aceros. ECF No. 112. On April 23, 2025, Plaintiff filed a third amended complaint, which is now the operative complaint, adding Plaintiffs Calderon and Sierra. ECF No. 117. On September 12, 2025, the Court denied without prejudice Plaintiffs' request to invalidate the 61 $500 Releases, ECF No. 160, and conditionally certified a collective action for "All construction workers who worked on or after October 7, 2021, who worked for Defendants who were not paid overtime at time and one half their hourly rate for work performed after 40 hours in a given week." ECF No. 161. On October 30, 2025, the court approved the collective notice. ECF No. 164. The deadline to opt in was January 12, 2026. *See* ECF No. 169. At least eight additional individuals have opted in. ECF Nos. 169, 170, 171, 175, 179, and 181.

### B.    Factual Background of Settlement Agreements at Issue

There are three settlement agreements at issue in the Motion. The first is the settlement agreement for Plaintiff Perez. Plaintiff Perez worked for Denco as an electrician from September 2019 through June 2024. ECF No. 182 at 3. In September 2024, Plaintiff Perez's attorney sent a demand letter to Denco. *Id.* Within fourteen days, Denco issued a check to Plaintiff Perez for $16,572.27. *Id.* Plaintiff Perez paid his attorney $5,523.00 for his services. *Id.* Plaintiff Perez, with the assistance of his attorney, filed this

lawsuit on October 17, 2024. ECF No. 1. On February 13, 2025, Plaintiff Perez, without conferring with his attorney, signed a settlement agreement with Denco in exchange for $12,000. ECF No. 182 at 4. The release of claims in the settlement agreement was broad—to include FLSA, CWA, COMPS, and other unrelated federal and state law and regulations, including Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Colorado False Claims Act, and Colorado Whistleblower law. *See, e.g.*, ECF No. 112-3 at 1-2. The settlement agreement was in English and Spanish. *Id.* at 1-11.

The second is the settlement agreement for Plaintiff Orantez. Plaintiff Ortanez, with the assistance of his attorney, filed this lawsuit on October 17, 2024. ECF No. 1. He never sent a demand letter. ECF No. 182 at 4. On October 25, 2024, Plaintiff Ortanez received $11,305.00 from Denco. *Id.* On February 13, 2025, the same day as Plaintiff Perez, Plaintiff Orantez, without conferring with his attorney, signed a settlement agreement identical to the settlement agreement signed by Plaintiff Perez in exchange for $12,000. *Id.*

The third is a settlement agreement for Plaintiff Aceros. Plaintiff Aceros worked for Denco from November 2023 to July 2024. *Id.* at 5. On November 11, 2024, after this lawsuit was filed and before Plaintiffs Perez and Orantez signed their settlement agreements, Aceros signed a settlement agreement identical to the ones signed by Plaintiffs Perez and Orantez, except Plaintiff Aceros' settlement agreement was only in English, in exchange for $500 and possible employment with another contractor. *Id.* at 6. Plaintiff Aceros testified that he does not understand English. In November 2024, Plaintiff

Aceros did not have a job. *Id.* A supervisor from Denco helped Plaintiff Aceros obtain a painting job. *Id.* He started working the day he signed the settlement agreement with Denco. *Id.* His new employer had Plaintiff Aceros sign the settlement agreement, telling him it was for taxes and insurance. *Id.* Plaintiff Aceros was under the impression that the $500 was an IRS refund for people who worked for Denco. *Id.* On February 17, 2025, Plaintiff Aceros joined this lawsuit. ECF No. 64.

## II.    LEGAL STANDARD

This Court is required to make a de novo determination of the magistrate judge's recommendation to which a specific objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## III.    ANALYSIS

Defendants urge the Court to review the FLSA settlement agreements at issue like any other request to enforce a settlement agreement and apply common law contract principles. ECF No. 112 at 5. This approach eschews the standard set forth in *Lynn's*

*Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)[2] as well as the notion that FLSA settlements must be approved by the court and parties should be represented by counsel.

Magistrate Judge Neureiter provides a detailed history of the application of *Lynn's Food* in this District and across the nation. In *Lynn's Foods* the Eleventh Circuit ruled that there are only two contexts in which compromises of FLSA back wage or liquidated damages claims may be allowed: (1) a payment supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c), and (2) a stipulated judgement entered by a court which has determined that the proposed settlement is a fair and reasonable resolution of a bona fide dispute. *Id*. at 1355. Thus, the Eleventh Circuit held that settlement agreements of FLSA back wage claims or liquidated damages claims are not allowed unless there is a stipulated judgment entered by a court. Since *Lynn Foods* was decided, courts across the country and in this district have reached different conclusions as to whether court approval is required for approval of FLSA settlements. *Compare Fails v. Pathway Leasing LLC*, No. 18-CV-00308-CMA-MJW, 2018 WL 6046428, at *4 (D. Colo. Nov. 19, 2018) (denying motion to approve settlement agreement because approval of an FLSA settlement is not required absent special circumstances); *Teague v. Acxiom Corp.*, No. 18-CV-01743-NYW, 2018 WL 3772865, at *4 (D. Colo. Aug. 9, 2018) (noting that "the Parties [] may elect to proceed independently in the resolution of this matter without

---

[2] Under the *Lynn's Foods*, to approve a FLSA settlement agreement, the court must find "(1) the agreement is the result of a bona fide dispute; (2) the proposed settlement is fair and reasonable to all parties involved; and (3) the proposed settlement contains a reasonable award of attorneys' fees and costs." *Prim v. Ensign United States Drilling Inc.*, No. 15-CV-02156-PAB-KMT, 2020 WL 4539630, at *3 (D. Colo. Aug. 6, 2020) (citing *See Lynn's Food Stores, Inc.*, 679 F.2d at 1355).

judicial approval of the settlement" and distinguishing between *Ruiz* because *Teague* was not seeking to settle a collective action); *Ruiz*, 2017 WL 11545275, at *3 (same) *with Mathews, v. Elite Nurses Mgmt. LLC*, No. 24-CV-01518-PAB-KAS, 2026 WL 632402, at *9 (D. Colo. Mar. 6, 2026) ("When employees file suit under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable."); *Anderson v. Vitac Corp.*, No. 25-CV-00329-PAB-NRN, 2026 WL 171737, at *4 (D. Colo. Jan. 22, 2026) (same). As Magistrate Judge Neureiter notes, the Tenth Circuit has not addressed this issue.[3] Ultimately, Magistrate Judge Neureiter concludes "an FLSA settlement agreement *must* be presented to the court for approval in accordance with the factors set forth in *Lynn's Food* to be enforceable." ECF No. 182 at 18

All that being said, the Court finds that it does not need to reach the issue of whether all FLSA settlement agreements generally require approval because the facts of this case demonstrate that it involves special circumstances. Magistrate Judge Neureiter recognized, "though there is disagreement over whether FLSA settlements *must* be approved by the [c]ourt, there does not appear to be disagreement at this time over whether FLSA settlements *may* be approved by the [c]ourt." ECF No. 182 at 19-20 (citing *Slaughter v. Sykes Enters., Inc.*, No. 17-cv-02038-KLM, 2019 WL 529512, at *6 (D. Colo. Feb. 11, 2019)).

---

[3] In a footnote, "Denco respectfully requests the Court certify its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) should it ultimately disagree with Denco's arguments and deny the Motion." ECF No. 182 at 2. The Court will not entertain a request for distinct action in a footnote of an Objection to a Magistrate Judge's Recommendation. *See* RMR Civ. Practice Standard 7.1A(a)(5) ("All requests for the Court to take distinct actions must be contained in separate, written motions.")

This case is distinguishable from cases where the Court is presented with an unopposed motion for approval of an FLSA agreement. In those cases, the parties have voluntarily agreed to settle the matter. In contrast, the circumstances here certainly indicate that coercive, deceptive, or overreaching tactics may have been used to secure these settlement agreements. *See Fails*, 2018 WL 6046248, at *3 (holding that "judicial review of bona fide FLSA disputes is not required" but if "there is evidence of malfeasance or overreaching in obtaining a settlement agreement—this Court will scrutinize the purported settlement"). This Court agrees with Magistrate Neureiter's finding that, "[b]ased on the evidence in the record, the Court cannot find that the settlement agreements signed by Perez and Orantes reflected a compromise of a bona fide dispute as to the amount owed at the time the settlement agreements were entered into." ECF No. 182 at 20. This Court also agrees with Magistrate Judge Neureiter's finding that the agreements are also defective under the *Lynn's Food* test.[4] In either scenario, the settlement agreements signed by Perez and Orantes are not enforceable. The Court also agrees with Magistrate Judge Neureiter's factual findings and conclusion that the settlement agreement signed by Plaintiff Suarez is similarly not enforceable.

It does not appear that the agreements here actually pertain to a bona fide dispute. *Fails*, 2018 WL 6046248, at *3 (holding that review of FLSA settlements is still available in certain circumstances . . . for example, . . . where a party alleges that an agreement does not actually pertain to a bona fide dispute). "[C]ourts have used different definitions

---

[4] At no point do Defendants argue that they satisfy the *Lynn's Food* factors used by the court to approve or enforce FLSA settlement agreements.

of bona fide disputes." *Martinez v. Back Bone Bullies Ltd*, No. 21-CV-01245-MEH, 2022 WL 782782, at *12 (D. Colo. Mar. 15, 2022). None of them led to the conclusion that a bona fide dispute exists here.

In *Frails*, the Honorable Christine M. Arguello held that there is no bona fide dispute if "there is evidence of malfeasance or overreaching in obtaining a settlement agreement." *Fails*, 2018 WL 6046428, at *3. Here, after the lawsuit was filed, but before the collective action was approved, Denco quickly sought to enter into settlement agreements with its current and former employees. Employees who agreed to sign the release received $500. These circumstances are like those in *Lynn's Foods* "– the employer overreached the employees in inducing them to settle unasserted and unevaluated claims for a small amount of money. The affected employees were largely unaware of the fact that they had rights under the FLSA, had not been advised by an attorney before signing the agreements; indeed, many did not speak English." *Ruiz*, 2017 WL 11545275, at *2 (citing *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 628 (W.D. Tex. 2005)). Similarly, here, Plaintiffs are Hispanic immigrants with limited formal education with only a basic understanding of English, and who rely on their paychecks to cover daily living expenses, with very little in the way of savings. Plaintiffs and other Denco employees are likely to accept fast and easy cash without realizing they may be entitled to more or that their attorney fees may be covered. It is also troublesome that Plaintiff Aceros testified that he was under the impression that the $500 he received was a tax refund, and the English-only paperwork he signed was required for a new job opportunity. Denco argues that Plaintiff Aceros' claim that he did not understand the settlement agreement because

it was in English is not a defense. However, the Court agrees with Magistrate Judge Neureiter that the cases cited by Denco for its proposition that a language barrier is not a sufficient ground for invalidating the contract are distinguishable. ECF No. 182 at 7; s*ee also Flight Concepts Ltd. P'ship v. Boeing Co.*, 38 F.3d 1152, 1157 (10th Cir. 1994) (dealing with a duty to read a contract and not making any reference to the contract being in a foreign language); *Rasmussen v. Freehling*, 412 P.2d 217, 219 (Colo. 1966) (same). There is evidence of overreaching to obtain the settlement agreements here. Thus, under the definition used in *Fails,* there is no bona fide dispute.

In *Martinez,* Magistrate Judge Michael E. Hegarty found the "weight of authority [is] that a bona fide dispute does not exist if the employee is unrepresented when agreeing to settle an FLSA claim." 2022 WL 782782, at *13. Here, Denco was aware that Plaintiffs Perez and Orantes were represented by counsel at the time of settlement; however, according to Plaintiff Perez, Denco encouraged him not to consult with his attorney so that he could keep more of the money. Denco argues that "it has long been the policy of Colorado to permit represented parties to settle without counsel." ECF No. 183 at 11 n.4 (citing *Nichols v. Orr,* 166 P.561, 563 (Colo. 1917)). *Nichols* does not involve the FLSA. Denco fails to cite any case holding that FLSA settlement agreements are enforceable if represented parties settle without counsel. In fact, "the weight of authority holds that employees must have counsel for private settlement of FLSA claims to be enforceable." *Martinez*, 2022 WL 782782, at *13 (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 257 (5th Cir. 2012)). Plaintiff Aceros was not represented by counsel when he signed the settlement agreement. Here, the release in the settlement agreements covers

11

Plaintiffs' FLSA claims, but because Plaintiffs were not represented during the negotiations, the settlement agreements are unenforceable.

In *Teague*, the Honorable Nina Y. Wang, then serving as a Magistrate Judge, held that that [f]or the court to discern whether a *bona fide* dispute exists, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employee's right to overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage." 2018 WL 3772865, at *2 (citing *Baker v. Vail Resorts Mgmt. Co.*, No. 13-CV-01649-PAB-CBS, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014). Here, the Court is not convinced that there is a bona fide dispute as to the amount of unpaid wages and overtime that is arguably owed to the Plaintiffs. As Magistrate Judge Neureiter noted in the Recommendation, Denco fails to provide any explanation for the amounts paid to the Plaintiffs to settle their FLSA claims or whether they dispute the calculations presented by the Plaintiffs. Nor can the Court determine whether these amounts were fair and reasonable. Thus, because the settlement agreements do not relate to a bona fide dispute for the reasons above, the Court agrees with the conclusion of the Recommendation that the settlement agreements are unenforceable as to the FLSA claims.

## IV.    CONCLUSION

For the reasons set forth above, Defendant Denco Construction LLC's Motion to Enforce Settlement Agreements, ECF No. 112, is **DENIED.**

12

Accordingly, it is **ORDERED** as follows:

1.  Plaintiff's Objection, ECF No. 183, is **OVERRULED**;

2.  The Recommendation of the United States Magistrate Judge, ECF No. 182, is **ACCEPTED and ADOPTED** as stated in the above; and

3.  Defendant Denco Construction LLC's Motion to Enforce Settlement Agreements, ECF No. 112, is **DENIED.**

DATED:  March 17, 2025

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge

13